[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM
This is in response to the plaintiffs' motion to correct my Memorandum of October 23,
I have no problem in correcting the same by noting that the Certificate of Deposit was in the desk of the decedent and not in his safety deposit box. I did not have a copy of the transcript available and my notes as to that item were rather sketchy so I was relying entirely on my recollection. There was testimony that some of the decedent's assets were found in the box and that confused me. In passing, I reiterate that the defendant had keys to both the decedent's house and desk so he had access to the Certificate. I do not recall any testimony that the defendant had signature power over, or a key to, the box. CT Page 9447
With regard to the Second Count of the complaint I thought, and still think, that I had disposed of it by finding that the plaintiffs had not met the burden of proof required by Connecticut General Statutes 36-3. Under that section there is a statutorily authorized method of vesting title. There was no clear and convincing evidence that the statute should not apply.
J. HEALEY, STATE TRIAL REFEREE